### In re WILLIAM J. STONER.

(Filed 10 December, 1952.)

**1. Indictment and Warrant § 9:　Habeas Corpus § 2—**

　　Where the warrant sets out the charge of a criminal offense under the law but also refers to a statute not immediately pertinent, such defect is at most an irregularity which does not render the warrant and judgment void, and dismissal of petition for *habeas corpus* is without error.

**2. Health § 5—**

　　Where defendant has been found by a jury to be an active tubercular carrier in the infectious stage, and as such had willfully failed to take the precautions prescribed by the public health authorities, judgment that he be confined in the prison department of the North Carolina Sanatorium is in accord with statute, G.S. 130-225.2, and further provision of the judgment that he be released to a veterans' hospital if he could secure admission thereto is in his interest.

Certiorari to review order of *Nimocks, J.,* in *habeas corpus* upon petition of William J. Stoner, from Cumberland.　Affirmed.

*R. Brookes Peters, General Counsel State Highway & Public Works Commission, and Laurence J. Beltman and E. W. Hooper, Associate Counsel, for appellee.*

*No counsel for petitioner.*

Devin, C. J.　This case comes to us upon a writ of *certiorari* issued by this Court under Rule 34 at the instance of William J. Stoner to review the judgment below dismissing the writ of *habeas corpus* and remanding petitioner to custody under the former judgment of the Superior Court.

The petitioner, William J. Stoner, was charged in the warrant with violation of the statute (General Statutes, Art. 19A, Chapter 130) enacted for the prevention of the spread of tuberculosis in failing "to take the health precautions prescribed by the Health Department to protect his family and the public from being infected with tuberculosis, he being an active tubercular carrier in the infectious stage."　On appeal from the Recorder's Court of Lenoir County petitioner was tried before *Grady, J.,* and a jury, in the Superior Court, March Term, 1952, and upon verdict of guilty the following judgment was rendered:

"State *v.* William J. Stoner and Robert Herring.

"The above defendants were both charged in a warrant with violating Section 130-225.2 of the General Statutes for North Carolina, in that, being tuberculosis patients, they did willfully refuse to comply with the

provisions of said statute. The two cases were consolidated, by consent, and tried before a jury, which returned a verdict of guilty as to both defendants.

"The judgment of the Court, is that each one of the defendants, William J. Stoner and Robert Herring, be confined in the prison department of North Carolina Sanatorium, for a period of two years, or until and unless as soon as discharged by the governing body of said institution; said patients to be treated for tuberculosis under the provisions of said Statute.

"This March 18, 1952.

HENRY A. GRADY, Judge Presiding.

"As an additional part of the foregoing judgment, it is further ordered that in case the defendant, William J. Stoner, can secure admission into Oteen Hospital, then and in that event the Superintendent of North Carolina Sanatorium is hereby ordered to transfer the said defendant to Oteen Hospital for treatment as a Veteran.

HENRY A. GRADY, Judge Presiding."

From this judgment no appeal was taken, and commitment issued.

Thereafter petitioner applied for writ of *habeas corpus* to inquire into the lawfulness of his detention. This was heard by Nimocks, J., 14 June, 1952, and the writ dismissed.

From the petitioner's informal petition for *certiorari* it appears that the ground of his application is that his detention under the judgment committing him to the prison department of the North Carolina Sanatorium is unlawful, and that upon a review of his case the Court will find error.

Examining the record, we find that the warrant cites the statute under which it is drawn as G.S. 130-225.1 whereas that penal provisions of the statute for the prevention of spread of tuberculosis are contained in G.S. 130-225.2. But the warrant sets out the charge of a criminal offense under the law and the reference by its number to a statute not immediately pertinent would be regarded as surplusage. This at most would be an irregularity which would not render the warrant and judgment void and his detention unlawful. The judgment cites the statute as G.S. 130-225.2, and expressly states that he was charged in the warrant with being a tubercular patient and willfully refusing to comply with the provisions of the statute.

The judgment seems to be in accord with the remedial provisions of the statute, and the addendum to the judgment also conforms to the provisions of the statute and is in the petitioner's interest.

The statute was enacted with the wise and humane purpose of preventing the spread of tuberculosis, and the petitioner has been found by a jury of his countrymen to be an active tubercular carrier in the infectious stage, and that as such he has willfully failed to take the precautions prescribed by the public health authorities for the protection of his own family as well as the public.

None of his legal or constitutional rights have been violated by the judgment committing him for detention at the State Tubercular Sanatorium.

The judgment dismissing the writ of *habeas corpus* and remanding the petitioner is

Affirmed.